The Law office of Joseph Mauro, LLC    (631) 669-0921
631 Montauk highway Ste. 6    (631) 669-5071 fax
west islip, NY  11795

    November 8, 2006

Hon. Judge E. Thomas Boyle
Alphonse M. D'Amato Federal Courthouse
100 Federal Plaza
Central Islip, NY 11722

    **RE:  Caprino et al v. Cohen & Slamowitz, Robert Schusteritsch,
    Vivian Schusteritsch, and Kenneth Vega**
    CV – 05 – 4814

Honorable Judge Boyle,

    I am writing to request a conference with the Court to address some problems that have arisen with respect to depositions in the above matter.

    Plaintiff noticed depositions of all Defendants to this action. Plaintiff consulted with all counsel regarding dates of such depositions and confirmed the agreed-upon schedule via letter to all. (See Exhibit A)

    Plaintiffs' complaint alleges that Defendants swore false affidavits of service in state debt collections lawsuits, and then used said affidavits to obtain default judgments against the Plaintiffs.

    Plaintiff took the deposition of the individual process server Kenneth Vega on November 1, 2006 as scheduled.  Defendant Vega gave testimony clearly favorable to Plaintiffs' case.

    Plaintiff was scheduled to take the depositions of the owners of the process serving company in Florida this Monday November 7, 2006.  I consulted today with Sarah Keenan the counsel for Mr. and Mrs. Schusteritsch (the owners).   Ms. Keenan informed me that the Schusteritsch's are considering filing for bankruptcy protection and as such will not be produced for deposition on Monday. I have informed Ms. Keenan that particularly in light of a potential bankruptcy filing, and the fast approaching discovery cutoff, I can not consent to adjourn the depositions.  As we could not resolve this issue, Ms. Keenan and I agreed to request the intervention of the Court.

    Additionally, Plaintiff has noticed the deposition of the two owner's of Cohen & Slamowitz as well as the managers of the firm's debt collection and finance divisions. Plaintiff has received a letter from Cohen & Slamowitz attorneys indicating that absent a

court order, they will not produce the noticed witnesses. (See Exhibit B) Plaintiff's complaint alleges violations of the Fair Debt Collection Practices Act for the manner in which the firm attempted to collect debts (including the sending of collection letters, and telephone abuse). Obtaining the deposition of a collection manager regarding an FDCPA case is clearly proper.

Plaintiffs' complaint also includes claims for negligent hiring and retention for continuing to use a process server who Cohen & Slamowitz knew or should have known was not properly serving defendants. (These *same defendants* were previously sued in this Court for similar actions). Plaintiff seeks punitive damages. It is clearly appropriate to obtain a deposition of a finance manager in a case in which the Defendant's net worth is at issue for a punitive damage assessment. More importantly however, Defendants are clearly not permitted to choose which witnesses to produce; nor have they sought a protective order.

I respectfully request a conference to address Plaintiff obtaining these necessary depositions.

Sincerely,

Joseph Mauro